1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN HARDNEY,                          No.  2:16-cv-0172-GEB-EFB P

12              Plaintiff,

13        v.                                ORDER SCREENING AMENDED
                                            COMPLAINT PURSUANT TO 28 U.S.C. §
14   R. WARREN, et al.,                     1915A AND FINDINGS AND
                                            RECOMMENDATIONS
15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

18   brought under 42 U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 7),

19   he has filed an amended complaint (ECF No. 10), and two motions seeking the return of his legal

20   property (ECF Nos. 12 & 14), which the court construes as motions for a preliminary injunction.

21   **I.        Screening of the Amended Complaint**

22        Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

25   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

26   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

27   relief."  *Id.* § 1915A(b).

28   /////

Plaintiff alleges that on October 10, 2014, at Mule Creek State Prison, Officer Pogue informed him that Psychiatric Technician Warren had accused plaintiff of indecent exposure with masturbation. ECF No. 10 at 7-8.[1] In the presence of Officer Hickman and Supervising Sergeant Almodovar, Pogue then allegedly slammed plaintiff's head into a window, yanked plaintiff's handcuffed arms above plaintiff's head, and slammed plaintiff hard to the ground. *Id.* at 8-9. Hickman and Almodovar allegedly "looked on" and failed to intervene. *Id.* at 9. Licensed Vocational Nurse Kumeh, also an alleged witness to Pogue's "brutal" acts, observed plaintiff's bleeding face, but ignored his cries for help, failed to report Pogue's misconduct, and falsely documented a finding of "no injuries." *Id.* at 8-9. Later that evening, defendant Brazil allegedly subjected plaintiff to further physical abuse for the purpose of causing plaintiff pain. *Id.* at 9-10. Liberally construed and for the purposes of § 1915A screening, these allegations state the following claims: (1) Eighth Amendment excessive force against defendants Pogue, Hickman, Almodovar,[2] and Brazil; and (2) Eighth Amendment deliberate indifference to medical needs against defendant Kumeh.

Plaintiff also claims that he was falsely accused of a sex crime and that the indecent exposure charge violated his "right to privacy from the glare of the opposite sex while conducting [a] personal function." *Id.* at 14-15. A false accusation of a crime, however, does not in and of itself, support a claim under section 1983. *See Washington v. Cicone*, No. 1:17-cv-00515-DAD-SAB, 2017 U.S. Dist. LEXIS 86039, at *9-10 (E.D. Cal. June 5, 2017) (citing cases). And because plaintiff lacks a legitimate expectation of privacy in his prison cell, his claim that an officer's "glare[ ] into [his] cell from a substantial distance without warning" violated his Fourth Amendment rights also fails. ECF No. 10. at 15; *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984)
/////

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

[2] It is well settled that failure to intervene can support an excessive force claim where a bystander-officer has a realistic opportunity to intervene, but fails to do so. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

In addition, plaintiff claims that "supervising" defendants Lizarraga and Beard enforced policies regarding the indecent exposure allegations that "alter[ed] regulations . . . for punitive measures." *Id.* at 15, 16-17.  However, it is not clear from such vague and conclusory allegations how either defendant personally caused plaintiff's constitutional rights to be violated.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do *that causes the deprivation of which complaint is made*.") (internal quotations omitted) (emphasis added).

Next, plaintiff claims he was again charged with sex crimes and threatening staff in April of 2015.  ECF No. 10 at 11-12, 17.  Defendant Hernandez allegedly denied plaintiff due process at the May 27, 2015 hearing regarding these accusations.  *Id.* at 12.  Around this time, defendant Winfield allegedly identified plaintiff as a "rapist" and a "molester" in the presence of other inmates.  *Id.* at 12.  To the extent plaintiff wishes to pursue any claims based on the events of April or May of 2015, including the hearing and and/or any resulting discipline, he must do so in a separate action.  Such claims may not be properly joined in this action with the claims concerning the events of October 10, 2014, as they involve discrete events that do not arise out of the same occurrence and involve a common question of law or fact.[3]  *See* Fed. R. Civ. P. 20(a)(2).

For these reasons, plaintiff may either proceed only on the Eighth Amendment claims against defendants Pogue, Hickman, Almodovar, Brazil, and Kumeh, or he may amend his

---

[3] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

complaint if he believes he can cure the defects identified above. Plaintiff is not obligated to amend his complaint.

## II. Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## III. Plaintiff's Motions for the Return of His Legal Property

In his first motion, plaintiff claims that prison officials at California State Prison, Corcoran, intentionally deprived him of his legal books and property and have obstructed his right to prosecute this case. ECF No. 12 at 2-3. He seeks an order compelling the return of his property. *Id.* at 3. He seeks the same relief in his second motion. ECF No. 14. The court construes plaintiff's motions as seeking a preliminary injunction.

/////

4

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co*., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc*., 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to meet that standard. This action concerns alleged violations of plaintiff's Eighth Amendment rights at Mule Creek State Prison. The motions for injunctive relief do not involve the defendants in this action or the Eighth Amendment claims. Because plaintiff's motion addresses conduct that is not a subject of this civil action, it does not demonstrate either a likelihood of success or a serious question going to the merits of his complaint. Generally, such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that

claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011). Moreover, plaintiff fails to show that he would suffer irreparable harm in the absence of the requested relief. At the time plaintiff filed his motions seeking the return of his property in order to prosecute this case, he had already filed a timely amended complaint and had no other filing deadlines or obligations in this case. Thus, the immediate return of plaintiff's legal property was not required for his prosecution of this case. For these reasons, plaintiff's motions for a preliminary injunction must be denied.

## IV.    Order & Recommendation

Accordingly, IT IS HEREBY ORDERED that:

1.  The allegations in the pleading are sufficient to state Eighth Amendment claims against defendants Pogue, Hickman, Almodovar, Brazil, and Kumeh. All other claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

2.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the April 21, 2017 amended complaint, five forms USM-285, and instructions for service of process on defendants. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

3.  Failure to comply with this order may result in a recommendation that this action be dismissed.

/////

/////

/////

6

Further, it is HEREBY RECOMMENDED that plaintiff's motions for the return of his legal property (ECF Nos. 12 & 14), construed as motions for preliminary injunctions, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 12, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

          Plaintiff,

    v.

R. WARREN, et al.,

          Defendants.

No.  2:16-cv-0172-GEB-EFB P

NOTICE OF SUBMISSION OF DOCUMENTS

      In accordance with the court's Screening Order, plaintiff hereby elects to:

      (1)  _____    proceed only with the Eighth Amendment claims against defendants Pogue, Hickman, Almodovar, Brazil, and Kumeh, and submits the following documents:

            \_\_1\_\_       completed summons form

            \_\_5\_\_       completed forms USM-285

            \_\_6\_\_       copies of the April 21, 2017 endorsed amended complaint

      OR

      (2)  _____    delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

_____

Plaintiff

Dated: