UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Plaintiff,<br><br>v.<br><br>R. WARREN, et al.,<br><br>    Defendants. | No. 2:16-cv-0172-GEB-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion requesting a preliminary injunction. ECF No. 24. For the reasons that follow, the motion must be denied.

**I.    Background**

This action proceeds on plaintiff's amended complaint (ECF No. 10) and the court's screening order (ECF No. 16), which allowed the following claims to proceed:

1. That defendant correctional officer Pogue subjected plaintiff to excessive force on October 10, 2014 in the Mule Creek State Prison ("MCSP") medical clinic while defendants Hickman and Almodovar, also correctional officers, looked on and failed to intervene;

/////

/////

1

2. That defendant licensed vocational nurse Kumeh also witnessed Pogue's excessive force against plaintiff, but ignored plaintiff's bleeding face and cries for help and falsely documented that plaintiff sustained no injuries in the altercation; and
3. That defendant correctional officer Brazil subjected plaintiff to excessive force after escorting plaintiff to the holding cage in administrative segregation following the incident with Pogue, Hickman, Almodovar, and Kumeh.

The motion for a preliminary injunction does not pertain to any of those claims, and instead addresses conduct that is not a subject of this action.

## II. The Motion for Preliminary Injunction

Plaintiff's motion for preliminary injunction complains of a host of alleged transgressions against him by various unnamed correctional staff. ECF No. 24 (e.g., plaintiff was attacked by unnamed officers while in a holding cell on November 18, 2016, plaintiff was transferred to California State Prison – Corcoran in March 2017 in retaliation for his first amendment activity, plaintiff was sexually harassed by a correctional officer, plaintiff has been harassed by correctional officers who also caused him to be attacked by other inmates on several occasions). Defendants appear only once in plaintiff's motion – he alleges that, when he was transferred to MCSP for a court appearance, he was housed in Facility A, where defendants work. *Id.* at 7. However, plaintiff does not allege any misconduct by defendants. Plaintiff asks that the court issue an order compelling prison officials to: (1) transfer plaintiff to California Medical Facility in Vacaville and (2) remove a rules violation report charging him with sexual misconduct from his prison file.

The court may issue preliminary injunctive relief upon a showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm, including "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is

2

"substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Plaintiff's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

The court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

/////

Here, plaintiff has not shown that the conduct he complains of in his motion has frustrated his ability to litigate this action or is otherwise interfering with this case. Nor has plaintiff shown that he cannot challenge the alleged misconduct of nonparties through the prison grievance process and, if necessary, separate civil rights lawsuits. As there is no showing that the requested relief is necessary to the progress of this action, the court lacks authority under the All Writs Act to order it.

### III. Conclusion and Recommendation

Plaintiff has not made the showing required to obtain the order he requests. Accordingly, it is hereby RECOMMENDED that his January 8, 2018 motion for a temporary restraining order (ECF No. 24) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE