UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | No. 2:16-cv-0172-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. WARREN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Defendants have filed a motion to stay this action pending plaintiff's state criminal proceedings which, they contend, arise from the same facts at issue in this case.  ECF No. 41.  Plaintiff has filed an opposition to the motion (ECF No. 46) and defendants have filed a reply (ECF No. 47).  For the reasons stated hereafter, defendants' motion should be granted.

**I.     Background**

In the operative complaint, plaintiff alleges that defendants subjected him to excessive force on October 10, 2014.  ECF No. 10 at 7.  Specifically, he contends that, defendant Pogue approached his cell and informed him that defendant Warren had seen him masturbating "in the cell on the bunk [across] from the officer's desk." *Id.* at 8.  Plaintiff was then escorted from his cell to the medical clinic where defendants Pogue, Hickman, Almodovar and several other unnamed officers assaulted him by bashing his head into a window, dislocating his shoulder,

1

slamming him to the floor, and placing weight on his supine body. *Id.* at 8-9. Plaintiff claims

that defendant Kumeh, a vocational nurse, witnessed these events, ignored his cries for help, and

falsely documented that plaintiff had not sustained injuries during the altercation. *Id.* After these

events, plaintiff alleges that defendant Brazil subjected him to a second incident of excessive

force by bending his arm during the escort back to a cell. *Id.* at 9-10.

In their motion, defendants state that the events of October 10, 2014 are the subject of a

pending state criminal case against plaintiff in Amador County. ECF No. 41 at 3. He received a

rules violation report for indecent exposure on that date. *Id.* Defendants argue that, afterwards

and contrary to his allegations, plaintiff became upset during an escort from his cell and officers

used force to restrain him. *Id.* As a consequence, he is being charged with one instance of

resisting arrest/threatening an officer under California Penal Code section 69 and two instances[1]

of indecent exposure under California Penal Code section 314(1). *Id.* Plaintiff's criminal case

was originally set for trial on March 6, 2018, but plaintiff filed a motion to continue which was

granted. *Id.* A trial setting conference was scheduled for March 9, 2018 but, at the time the

motion was filed, no date certain for the trial was available. *Id.*

## II. Analysis

Defendants raise two arguments as to why this action should be stayed. First, they argue

that a stay is appropriate under the rubric announced in *Keating v. Office of Thrift Supervision*, 45

F.3d 322 (9th Cir. 1995), where the Ninth Circuit explained:

> The Constitution does not ordinarily require a stay of civil
> proceedings pending the outcome of criminal proceedings. "In the
> absence of substantial prejudice to the rights of the parties involved,
> [simultaneous] parallel [civil and criminal] proceedings are
> unobjectionable under our jurisprudence." "Nevertheless, a court
> may decide in its discretion to stay civil proceedings . . . 'when the
> interests of justice seem[] to require such action.'"
>
> The decision whether to stay civil proceedings in the face of a
> parallel criminal proceeding should be made "in light of the
> particular circumstances and competing interests involved in the
> case." This means the decisionmaker should consider "the extent to
> which the defendant's fifth amendment rights are implicated." In

---

[1] One charge of indecent exposure relates to the October 2014 events. Defendants state
that the other relates to events which occurred on April 3, 2015. ECF No. 41 at 3.

addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 324-25. Second, they argue that a stay is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). The court finds the latter argument persuasive and thus declines to address the former.

Under *Younger*, abstention is required if: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin, or have the practical effect of enjoining, the state court. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). The first two factors are clearly met and, given the charges against him, plaintiff should be afforded an opportunity to raise an excessive force claim as part of his defense. In *Jones v. County of Contra Costa*, the court explained that:

> To be found guilty of resisting an officer under California Penal Code § 69 — one of the charges against Jones — the officer must have been engaged 'in the performance of his duty' at the time. This requires that officer be engaged in the "lawful" performance of his duties. . . . In response to any evidence presented by the prosecutor that Jones resisted the officers, Jones could defend those allegations by claiming that the officers were not acting in 'lawful' performance because they used excessive force against him, violated equal protection and committed the other offenses that Jones alleges in his federal civil complaint. . . . Jones would thus be able to raise his claims regarding the officers' unlawful conduct in state court, thereby satisfying the third prong.

*Jones v. County of Contra Costa*, No. 13-cv-05552-TEH, 2014 U.S. Dist. LEXIS 50734, *6-7 (N.D. Cal. Apr. 11, 2014).

The fourth prong is also met insofar as hearing this case could unreasonably intrude on the state court case. A determination of whether plaintiff was subjected to excessive force under the Eighth Amendment focuses on whether the force used was employed not in "good faith effort to maintain or restore order, [but] maliciously and sadistically for the very purpose of causing

3

harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Thus, this court would have to evaluate whether any resistance raised by plaintiff justified the force used against him. Such a decision intrudes upon the state criminal proceedings which would also interrogate that question.

**III.    Conclusion**

Based on the foregoing, it is RECOMMENDED that:

1. Defendants' motion to stay (ECF No. 41) be GRANTED;

2. The case be stayed pending the resolution of Plaintiff's criminal case; and

3. Defendants be directed to file a status report, within ninety days of any order adopting this recommendation, updating the court as to the status of plaintiff's criminal case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 10, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4