UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>           Plaintiff,<br><br>    v.<br><br>R. WARREN, et al.,<br><br>           Defendants. | No. 2:16-cv-0172-KJM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action has been stayed pending the resolution of a state criminal proceeding against plaintiff. ECF No. 50. Nevertheless, plaintiff has filed a second motion requesting a preliminary injunction.[1] ECF No. 63. Defendants oppose the motion. ECF No. 65. For the reasons that follow, the motion must be denied.

**I.    Background**

This action proceeds on plaintiff's amended complaint (ECF No. 10) and the court's screening order (ECF No. 16), which allowed the following claims to proceed:

1. That defendant correctional officer Pogue subjected plaintiff to excessive force on October 10, 2014 in the Mule Creek State Prison ("MCSP") medical clinic while

---

[1] His earlier motion was denied on April 23, 2018, prior to the stay of this case. ECF Nos. 44, 48.

1

| | |
|---|---|
| 1 | defendants Hickman and Almodovar, also correctional officers, looked on and failed |
| 2 | to intervene; |

2. That defendant licensed vocational nurse Kumeh also witnessed Pogue's excessive force against plaintiff, but ignored plaintiff's bleeding face and cries for help and falsely documented that plaintiff sustained no injuries in the altercation; and

3. That defendant correctional officer Brazil subjected plaintiff to excessive force after escorting plaintiff to the holding cage in administrative segregation following the incident with Pogue, Hickman, Almodovar, and Kumeh.

## II. The Motion for Preliminary Injunction[2]

In his motion for preliminary injunction, plaintiff asserts a host of alleged transgressions against him by various unnamed correctional staff that duplicate the allegations made in the previous motion for preliminary injunction. Again, plaintiff does not allege any misconduct by defendants. Plaintiff again asks that the court issue an order compelling prison officials to transfer plaintiff to California Medical Facility in Vacaville. ECF No. 63 at 15. He also asks that the court order CDCR officials to expunge any disciplinary reports against him that were "arbitrarily decided, echoing his earlier request that the court order CDCR to remove from his prison file a rules violation report charging him with sexual misconduct. *Id.* He also complains about being denied certain items of property when transferred and having inadequate law library access. *Id.* at 8, 16.

The court may issue preliminary injunctive relief upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the

---

[2] Although this case is currently stayed, the court has nonetheless evaluated the merits of plaintiff's motion.

order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Plaintiff's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

Although the court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act, there are no circumstances warranting that action here. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

/////

Here, plaintiff has not shown that the conduct he complains of has frustrated his ability to litigate this action or is otherwise interfering with this case. Nor has plaintiff shown that he cannot challenge the alleged misconduct of nonparties through the prison grievance process and, if necessary, separate civil rights lawsuits. Plaintiff's complaint about law library access is premature, as this case is stayed and no deadlines are pending. His complaint about access to his legal property is being addressed by the state court. ECF No. 63 at 13; ECF No. 64 at 4. As there is no showing that the requested relief is necessary to the progress of this action, there is no basis so support plaintiff's motion under the All Writs Act either.

### III. Conclusion and Recommendation

Plaintiff has not made the showing required to obtain the order he requests. Accordingly, it is hereby RECOMMENDED that his December 6, 2018 motion for a temporary restraining order (ECF No. 63) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE