1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JOHN HARDNEY,                              No.  2:16-cv-0172-KJM-EFB P

11                    Plaintiff,

12         v.                                    ORDER

13    R. WARREN, et al.,

14                    Defendants.

15

16         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

17    under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided

18    by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19         On January 25, 2019, the magistrate judge filed findings and recommendations, which

20    were served on all parties and which contained notice to all parties that any objections to the

21    findings and recommendations were to be filed within fourteen days.  Neither party has filed

22    objections to the findings and recommendations.[1]

23         The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602

24    F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.

25    *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the

26    _____

27    [1] Although it appears from the file that plaintiff's copy of the findings and recommendations was
      returned, plaintiff was properly served.  It is the plaintiff's responsibility to keep the court
      apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents

28    at the record address of the party is fully effective.

                                          1

magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

Having reviewed the file, the court finds the findings and recommendations to be supported by

the record and by the proper analysis.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 25, 2019, are adopted in full; and

2. Plaintiff's December 6, 2018 motion for a temporary restraining order (ECF No. 63) is

DENIED.

DATED: March 19, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court notes several minor citation errors that do not affect the soundness of the magistrate judge's recommendations: the citation on page 2, lines 22 to 23 should read: "*Hawai'i County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) (observing that the standards for granting a temporary restraining order and a preliminary injunction are the same)"; the last sentence of page 2, ending on page 3, line 2, should read: "The purpose of an ex parte temporary restraining order is to preserve the status quo and to prevent irreparable harm 'just so long as is necessary to hold a hearing, and no longer.'"; the citation on page 3, lines 7 to 8, should read "*Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7(2008))."; the citation on page 3, line 24, to *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977), should include the pincite 174; and the citation on page 3, lines 26 to 27, to *Clinton v. Goldsmith*, 526 U.S. 529 (1999), should include the pincite 537.