1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN HARDNEY,                              No.  2:16-cv-172-KJM-EFB P

12                  Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   R. WARREN, et al.,

15                  Defendants.

16

17          Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate

18   proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He filed this action on

19   January 27, 2016 (ECF No. 1) and, after filing an amended complaint (ECF No. 10), the court

20   found that he had stated: (1) a cognizable Eighth Amendment excessive force claim against

21   defendants Pogue, Hickman, Almodovar, and Brazil; and (2) a cognizable Eighth Amendment

22   deliberate indifference to medical needs claim against defendant Kumeh.  ECF No. 16 at 2.

23          Defendants Almodovar, Hickman, Pogue, and Kumeh move to dismiss.[1]  ECF No. 75.

24   Plaintiff has filed an opposition.  ECF No. 79.  For the reasons stated hereafter, it is recommended

25   that defendants' motion be granted in part.

26   /////

27   _____

28          [1] Defendant Brazil is not a party to the motion to dismiss.  ECF No. 75 at 3 n.1.

Plaintiff has also filed what the court construes as a motion for injunctive relief. ECF No. 78. As discussed below, that motion should be denied without prejudice.

Motion to Dismiss

I.  Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

/////

2

II.    <u>Background</u>

    A.    <u>Plaintiff's Allegations</u>

Plaintiff alleges that, on October 10, 2014, defendant Pogue approached his cell and informed him that he was there to "counsel plaintiff on masturbation." ECF No. 10 at 7. Plaintiff told Pogue to leave and the latter informed him that a non-party prison official had seen him masturbating in his cell. *Id.* At 7-8. Plaintiff alleges that he deemed Pogue's comments to be harassment and "told him to get the [s]ergeant." *Id.* At 8. He was handcuffed and escorted by "three or four officers" to the unit medical clinic. *Id.* Defendant Almodovar was allegedly among these officers. *Id.*

Plaintiff allegedly arrived at the medical clinic to find more officers waiting for him, including defendant Hickman. *Id.* Defendant Kumeh – a nurse – is also alleged to have been present. *Id.* Someone – the complaint does not specify who – told plaintiff that he would be rehoused in administrative segregation for indecent exposure. *Id.* Plaintiff alleges that, at that time, he did nothing more than verbally express his disbelief that he was being punished. *Id.* Defendant Pogue allegedly responded to these comments by slamming plaintiff's head into a plexiglass window. *Id.* Pogue also allegedly forced plaintiff's handcuffed hands above his head, resulting in a dislocated shoulder. *Id.*

After the use of force, Pogue allegedly pushed plaintiff out of the clinic and the other officers followed. *Id.* The group entered the unit "Program Office" and, unprompted, Pogue allegedly "rammed" plaintiff's head into a concrete wall. *Id.* Pogue then allegedly slammed plaintiff to the ground and the other officers allegedly applied their bodyweight against him. *Id.* Plaintiff alleges that defendants Hickman and Almodovar failed to intervene to stop Pogue's use of force and declined to report his behavior to their superiors. *Id.* at 9.

With respect to Kumeh, plaintiff alleges that this defendant declined to treat his injuries after the foregoing events and authored a medical report which falsely indicated that he had suffered no physical harm. *Id.*

/////

/////

3

B.  <u>State Criminal Conviction</u>

In conjunction with their motion, defendants have submitted court records from Amador County Superior Court which indicate that, on June 22, 2018, a jury found plaintiff guilty of resisting an executive officer in contravention of section 69 of the California Penal Code.  ECF No. 75-1 at 630.  Defendants have requested that the court take judicial notice of these records and it will do so.  *See, e.g., United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (indicating that court records are appropriate for judicial notice); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

Review of foregoing superior court records make clear that plaintiff's section 69 conviction stems from the events of October 10, 2014 – the same events which underly his claims against the moving defendants.  *See* ECF No. 75-1 at 105-107, 562-567.  With respect to the charge of resisting an executive officer, the court instructed the jury:

> The defendant is charged in Count 1 with resisting an executive officer in the performance of that officer's duty.  To prove the defendant is guilty of this crime, the People must prove that: One, the defendant unlawfully used force or violence to resist an executive officer; two, when the defendant acted, the officer was performing his lawful duties; and three, when the defendant acted, he knew the executive officer was performing his duty.
>
> An executive officer is a government official who may use his or her own discretion in performing his or her job duties.  A correctional officer employed by the Department of Corrections and Rehabilitation is an executive officer.
>
> A peace officer is not lawfully performing his duties if he is using unreasonable or excessive force.
>
> The People have the burden of proving beyond a reasonable doubt that a correctional officer was lawfully performing his duties as a custodial officer.  If the People have not met this burden, you must find not guilty of Count 1.  A custodial officer is not lawfully performing his or her duties if he or she is using unreasonable or excessive force in his or her duties.  Special rules control the use of force.  A custodial officer may use un (sic) – may use reasonable force in his or her duties to restrain a person, to overcome resistance, to prevent escape or in self defense.  If a person knows or reasonably should know that a custodial officer is restraining him or her, that person must not use force or any weapon to resist an officer's use of reasonable force.

4

*Id.* at 542-543.  As noted above, the jury returned a guilty verdict as to this count.  *Id.* at 600, 630.

III.     Analysis

Defendants argue that success on his excessive force claims in this suit would necessarily imply the invalidity of plaintiff's conviction for resisting an executive officer – detailed *supra*. ECF No. 75 at 7.  The court agrees.  It is long-settled law that a prisoner cannot recover damages in a section 1983 lawsuit if judgment in his favor would imply the invalidity of a conviction or sentence that has not been reversed, expunged, or called into question by the issuance of a habeas writ.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff's conviction remains valid and plaintiff does not allege otherwise in his opposition.[2]  And there is little question that the criminal conviction and plaintiff's allegations in this civil action arise out of the same incident.

At trial, the prosecution presented evidence that, on October 10, 2014, a psychiatric technician observed plaintiff masturbating in his cell and reported that action to defendant Pogue. ECF No. 75-1 at 111-117.  The prosecution also presented evidence that defendants Pogue and Hickman escorted plaintiff to the medical clinic after the technician alerted them to plaintiff's conduct.  *Id.* at 168, 177-178.  The prosecution then presented testimony from defendant Pogue that, at the clinic and once a medical evaluation of plaintiff was underway, plaintiff attempted to pull away from the officer.  *Id.* at 180.  Pogue testified that he gave plaintiff several verbal commands to stop pulling away, but the latter did not comply.  *Id.*  He further testified that, once plaintiff refused to comply with his commands, he used his body weight to press plaintiff against the wall and regain compliance.  *Id.* at 180-181.  Pogue testified that, after the medical evaluation, plaintiff was escorted to the program office where force was again necessary – this time with assistance from defendant Hickman – to subdue a physically resisting plaintiff.  *Id.* at 183-188.  The foregoing tracks the arc of plaintiff's allegations: on October 10, 2014 he was accused by a technician of masturbating in his cell, he was escorted by officers to the medical clinic and then to the program office, and force was employed at both locations.  Obviously,

---

[2] To be sure, he claims that the criminal case and its outcome was "a complete sham," but that is his own assessment and there is no indication that any relevant court has reached a similar conclusion.  ECF No. 79 at 2.

plaintiff's allegations diverge insofar as he claims that the force deployed against him was excessive and wholly unnecessary, but the incident referenced is unambiguously the same.

The jury, as noted *supra*, was instructed by the trial judge that plaintiff could only be found guilty of resisting an executive officer if the officers in question were performing their lawful duties. *Id.* at 542. The exercise of an officer's lawful duties, the trial judge instructed, could not include the use of unreasonable or excessive force. *Id.* at 542-543. It follows, then, that the jury found that defendants Pogue and Hickman did not employ excessive force against during their interactions with plaintiff on October 10, 2014. Thus, the immediate excessive force claims are barred by *Heck*. *See Beets v. County of Los Angeles*, 669 F.3d 1038, 1045 (9th Cir. 2012) ("The jury that convicted Morales determined that Deputy Winter acted within the scope of his employment and did not use excessive force. . . . [T]hus any recovery by the plaintiff's in this civil [excessive force] action would be contrary to the jury's determination."); *see also Smith v. City of Hemet*, 394 F.3d 689, 699 n. 5 (9th Cir. 2005) ("[A] jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would 'necessarily imply the invalidity of his conviction.'") (quoting *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1410, 115 Cal. Rptr. 2d 269, (Cal. Ct. App. 2002)). [3]

Based on the foregoing, *Heck* bars plaintiff's excessive force claims against defendants Pogue and Hickman. Plaintiff's inability to pursue an excessive force claim against Pogue and Hickman necessarily dooms his failure to intervene claim against defendant Almodovar. Almodovar could only have had a duty to intervene if Pogue or Hickman's use of force was violative of plaintiff's constitutional rights. *See, e.g.*, *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the

---

[3] There is no indication that separate factual contexts exist between the conduct leading to plaintiff's conviction and that which gives rise to the immediate section 1983 claim. That is, there is no viable argument that the use of excessive force relevant to this civil case occurred before or after the conduct on which his criminal conviction was based. Indeed, as defendants point out, the operative complaint alleges that plaintiff did nothing to merit the use of any force whatsoever on the day in question. In any event, to the extent plaintiff raises such an argument, it appears to be foreclosed by the Ninth Circuit's holding in *City of Hemet*.

constitutional rights of a suspect or other citizen.") (citation omitted). Thus, a judgment against Almodovar would also imply the invalidity of plaintiff's conviction.

The court declines, however, to recommend dismissal of defendant Kumeh. This defendant argues for dismissal because, during the criminal trial: (1) defendant Pogue and Kumeh testified that they did not observe any injuries to plaintiff after the use force (ECF No. 75-1 at 181-182, 434-435); and (2) defendant Kumeh testified that he had never refused to treat an injured inmate (*id.* at 439). But defendants have not provided any indication or argument that the jury was required to believe the foregoing testimony in order to convict plaintiff. Theoretically, the jury could have believed that, pursuant to a lawful use of force by the correctional officers, plaintiff sustained injuries which Kumeh then refused to treat.

Motion for Injunctive Relief

Plaintiff has filed a "motion requesting [a] court order directing 'defendants and/or prison official to provide plaintiff with 'all' of his property items . . . needed to prosecute this civil action." ECF No. 78. Therein, plaintiff argues that he has recently been transferred to a different facility within the CDCR and was, consequently, separated for a time from his property – including his legal materials. *Id*. at 1. He claims that, on September 28, 2019, he was issued four boxes of his property but several items were missing, including: (1) a television; (2) clothing items; (3) books he had authored; and (4) unspecified legal documents related to this action and required to oppose defendants' pending motion to dismiss. *Id.* at 2. In terms of relief, plaintiff requests a "protective order to prevent [him] from suffering further abuse [and] oppression while prosecuting this civil case." *Id.*

I.    Legal Standards

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing

7

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

II.  Analysis

Plaintiff's motion must be denied for several reasons. First, he has failed to identify the specific legal materials which have been withheld and how their absence affects his ability to litigate this case. The court notes that, on October 18, 2019, he did file a lengthy (fifty-five page) opposition to the pending motion to dismiss which included various legal documents appended thereto. *See*, *generally*, ECF No. 79. Thus, it is unclear to the court whether the issue plaintiff complains about remains outstanding. Second, the relief plaintiff proposes is broad and vague. As noted *supra*, he proposes an order to prevent "abuse and oppression" while litigating this case. It is unclear what specific harms plaintiff has in mind to remedy. He has not, for instance, identified specific legal materials and requested an order directing their return. The Ninth Circuit has held that "an injunction must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004). Third, it is unclear whom the proposed injunction would affect. Plaintiff states that this proposed order would apply to "defendants and/or prison officials." ECF No. 78 at 3. Plaintiff has not identified which other prison officials – presumably not parties to this action – would be included in that class or how, if at all, they relate to or interact with the defendants. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Fourth and finally, plaintiff has made no effort to engage with the *Winter* factors identified in the foregoing section.

8

The court notes that its recommendation that this motion be denied does not preclude a more narrowly tailored motion for injunctive relief or, perhaps more appropriately, a separate action based on the alleged denial of property.

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 75) be GRANTED in part. The excessive force claims against defendants Pogue and Hickman and the failure to intervene claim against defendant Almodovar be dismissed for the reasons stated *supra*. The motion be denied in all other respects; and

2. Plaintiff's motion for injunctive relief (ECF No. 78) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE