UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>     Plaintiff,<br><br>   v.<br><br>R. WARREN, et al.,<br><br>     Defendants. | No. 2:16-cv-0172-KJM-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion for an order compelling defendant Brazil to respond to his interrogatories and for defendant Kumeh to provide further response to his interrogatories. ECF No. 108. For the reasons stated below, plaintiff's motion is denied as it pertains to Brazil and granted in part as it pertains to Kumeh.

<u>Defendant Brazil</u>

On June 22, 2020, plaintiff filed the instant motion to compel. ECF No. 108. On July 6, 2020, the court deemed all requests for discovery served on or before April 26, 2020, as timely served and granted defendants thirty days from the date of the order to respond. ECF No. 109. Consequently, Brazil's responses to plaintiff's interrogatories (which were served on April 19, 2020, *see* ECF No. 108 at 2) are not due until August 5, 2020. Plaintiff's motion as it pertains to Brazil is therefore denied as premature.

/////

1

Defendant Kumeh

Plaintiff seeks further responses from Kumeh for interrogatory numbers 4, 7, 9, 13, and 17.

In interrogatory no. 4, plaintiff asked Kumeh to "explain your involvement, (consistent with your training) as a witness in a 'excessive use of force' act where the prisoner is injured by correctional officers in your presence." Kumeh objected on various grounds and responded that he could not "explain his involvement as a witness to 'excessive use of force' by a correctional officer against a prisoner, because he has never witnessed correctional officers use excessive force against a prisoner." In the motion to compel, plaintiff clarifies that he wants to know what Kumeh's training requires of him in the event he is a witness to excessive force. ECF No. 108 at 4. So clarified, Kumeh's objections are overruled and he must provide plaintiff with a further response to interrogatory no. 4.

In interrogatory no. 7, plaintiff asked Kumeh to "[d]escribe all efforts made by Mule Creek staff to track and evaluate complaints of unnecessary excessive use of force made by prisoners, that occurred in the medical clinic on A-Facility at Mule Creek from January 2014 thru January 2018." Kumeh objected to this request as irrelevant, vague and ambiguous, and calling for speculation. Without waiving those objections, Kumeh responded that he did not know, as he is not involved in receiving, monitoring, or evaluating such complaints. Kumeh, who is a licensed vocational nurse, stated that he does not have the information sought by plaintiff. There is no basis upon which to compel a further response here.

In interrogatory no. 9, plaintiff asked Kumeh to "[i]dentify the names, job title, and dates, including procedures taken by anyone that evaluated your job performance and job duties as a LVN at Mule Creek from Jan 2014 thru Jan. 2018." Kumeh objected to the request on the grounds it was irrelevant, vague and ambiguous as to "procedures taken," overbroad, and compound. Without waiving those objections, Kumeh responded that "[f]rom January 2014 to January 2018, Defendant's supervisors were N. Larot, SRNII; N. Goodgame, SRNII; A. Davis, SRNII; and L. Bird, SRNII." In the motion to compel, plaintiff argues that Kumeh evaded the portion of the interrogatory requesting a response as to the "procedures taken." ECF No. 108 at

8. Kumeh properly objected to that phrasing as ambiguous and through his motion, plaintiff makes no effort to clarify. Plaintiff's motion is denied as to interrogatory no. 9.

In interrogatory no. 13, plaintiff asked Kumeh to "[p]rovide the dates, name and job title, including procedures taken, involving 'in service training' to ensure you were adequately trained during your employment as 'LVN' at CSP Mule Creek during Jan. 2014 thru Jan. 2015." Again, Kumeh objected on the grounds it was irrelevant, vague and ambiguous as to "procedures taken," and overbroad. Without waiving those objections, Kumeh responded with a long list of training he received from January 2014 to January 2015, and provided the name of the person who conducted the training where available. In the motion to compel, plaintiff argues that Kumeh's response was evasive, but fails to explain why this is so. Without clarification, plaintiff has not shown any basis to order Kumeh to further respond to interrogatory no. 13.

Interrogatory no. 17 states as follows: The action taken by Captain Roy and Associate Warden regarding the events (described in No. 16) had found that "staff actions following the application of force are not in compliance with policy and training," as well as "after care-medical," and directed all staff involved required "training" regarding "medical evaluation." (DOM section 510209). Provide the dates, job title, and name of person(s) who conducted the "medical evaluation" training, required for all staff involved in the above stated events. [Exhibits "E" pg. 1-3]." Kumeh objected on the grounds it was irrelevant, vague and ambiguous, compound, called for speculation, assumed facts, and misstated evidence. Without waiving those objections, Kumeh responded that he did not know. Plaintiff's motion fails to set forth any basis for compelling a further response from Kumeh to interrogatory no. 17.

## Conclusion

Accordingly, IT IS ORDERED that plaintiff's motion to compel (ECF No. 108) is GRANTED as to interrogatory no. 4 directed to defendant Kumeh and DENIED in all other respects. Kumeh shall serve plaintiff with a further response to interrogatory no. 4 within 30 days from the date of this order.

DATED: August 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3