1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN HARDNEY,                              Case No.   2:16-cv-00172-KJM-JDP-P

12                  Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                                THAT PLAINTIFF'S MOTION FOR
13          v.                                  TRANSFER, CONSTRUED AS A MOTION
                                                FOR PRELIMINARY INJUNCTION, BE
14   R. WARREN, *et al.*,                       DENIED

15                  Defendants.                 ECF No. 118

16                                              OBJECTIONS DUE IN FOURTEEN DAYS

17

18

19          Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought

20   under 42 U.S.C. § 1983.  Plaintiff has filed a "motion for court order directing [California

21   Department of Corrections and Rehabilitation ('CDCR')] to transfer plaintiff"; I construe this as a

22   motion for a preliminary injunction.  ECF No. 118.  In his motion, plaintiff asks that the court

23   order CDCR to transfer him from California Men's Colony, East to either California State Prison

24   Sacramento or California Medical Facility, Main.  *Id.* at 1.  He argues that a transfer from

25   California Men's Colony is warranted because defendants have requested and been granted an

26   extension of the discovery cut-off in order to delay taking his deposition.  ECF Nos. 115 & 116.

27   Plaintiff states that California Men's Colony has the third-highest COVID-19 positivity rate

28   among CDCR prisons and that a transfer to one of the other institutions will enable his deposition

                                               1

1   to be conducted "safely and successfully."  ECF No. 118 at 2.  Defendants have filed an

2   opposition to the motion, ECF No. 121, and plaintiff has not replied.

3        Plaintiff's motion should be denied for the reasons stated below.

4                              Legal Standards

5        A federal district court may issue injunctive relief only if the court has both personal

6   jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  *See Murphy Bros.,*

7   *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party

8   officially, and is required to take action in that capacity, only upon service of summons or other

9   authority-asserting measure stating the time within which the party served must appear to

10  defend").  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

11  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

12  the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v.*

13  *Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555

14  U.S. 7, 20 (2008)).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in

15  order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

16  1127, 1131 (9th Cir. 2011).  In addition to establishing irreparable harm, the injunctive relief

17  sought must be related to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC*

18  *v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief

19  based on claims not pled in the complaint, the court does not have the authority to issue an

20  injunction.").  A permanent injunction may be granted only after a final hearing on the merits.

21  *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule,

22  a permanent injunction will be granted when liability has been established . . . .").

23       The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner

24  litigants who seek preliminary injunctive relief against prison officials.  In such cases,

25  "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

26  correct the harm the court finds requires preliminary relief, and be the least intrusive means

27  necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  As the Ninth Circuit has recognized, the

28  PLRA places significant limits upon a court's power to grant preliminary injunctive relief to

                                           2

1   inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to

2   protect the bargaining power of prison administrators—no longer may courts grant or approve

3   relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v.*

4   *People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

5                                                    Analysis

6          Plaintiff has not shown that he will suffer irreparable harm if his motion is denied.  He

7   states that, as of the filing of his motion, he has not tested positive for COVID-19.  ECF No. 118

8   at 2.  It is possible that a transfer to a different prison would reduce his risk of contracting the

9   disease, but a finding of irreparable harm demands more.  *See Caribbean Marine Servs. Co. v.*

10  *Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable

11  injury sufficient to warrant granting a preliminary injunction.").  And the bar is especially high

12  where, as here, the requested relief encroaches on questions of prison administration.  *See Bell v.*

13  *Wolfish*, 441 U.S. 520, 547 (1970).  Even if the bar were not so high, plaintiff has not provided

14  the court with detailed or comprehensive information about CDCR's pandemic response, and the

15  relevant data are not otherwise before me.  As defendants point out in their opposition, the

16  COVID-19 crisis within CDCR is "fluid."  ECF No. 121 at 4.  Unfortunately, a given facility's

17  favorable situation today could deteriorate.  Under these circumstances, it would be particularly

18  inappropriate for a court to recommend that plaintiff be transferred.[1]

19         Accordingly, I recommend that plaintiff's motion for transfer, ECF No. 118, be denied.

20  These findings and recommendations will be submitted to the U.S. district judge assigned to the

21  case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days of service of

22  these findings and recommendations, the parties may file written objections with the court.  If a

23  party files objections, that party should do so in a document captioned "Objections to Magistrate

24  Judge's Findings and Recommendations."

25                 [1] The PLRA states that only a three-judge court can issue a "prisoner release order."
26  18 U.S.C. § 3626(a)(3)(B).  Ordering the transfer of a prisoner from one CDCR institution to
    another does not run afoul of this provision and is within the authority of a single judge, however.
27  *See Plata v. Brown*, 427 F. Supp. 3d 1211, 1222-23 (N.D. Cal. Jun. 24, 2013).  Given that
    plaintiff has not made a showing that injunctive relief is necessary, the scope of this authority
28  does not need to be explored here.

                                                         3

1

2    IT IS SO ORDERED.

3
     Dated:    November 9, 2020
4                                                    JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28