UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>R. WARREN, et al.,<br><br>    Defendants. | No. 2:16-cv-00172-KJM-JDP (PC)<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 7, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. No objections were filed.

    The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations are well-taken except that they require further analysis on the question of defendant Kumeh's qualified

immunity argument. Constitutional violation notwithstanding, the qualified immunity analysis must inquire into whether a reasonable defendant would have known that the specific actions in this case were unlawful based on the "clearly established law." *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). "[O]fficers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (citation omitted). Courts typically rely on "[p]recedent involving similar facts" to determine the parameters of clearly established law. *Id*. (citation omitted). While "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though 'the very action in question has [not] previously been held unlawful,'" *Bonivert v. City of Clarkston*, 883 F.3d 865, 872 (9th Cir. 2018) (citation omitted), the Supreme Court has clarified that the trial court's obligations in evaluating qualified immunity are not to be taken lightly. The analysis required is searching, comparing factual details of prior controlling case law with the facts of the present case. *Kisela*, 138 S. Ct. at 1153.

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations filed March 7, 2022; and

2. This matter is referred back to the assigned magistrate judge for further development of the qualified immunity analysis at page 8, lines 9–14. *See City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 504 (2019) (remanding case for further proceedings where appellate court "failed to properly analyze whether clearly established law barred" officer's conduct). The balance of the findings and recommendations may be resubmitted without change.

DATED: September 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE