UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>            Plaintiff,<br><br>    v.<br><br>R. WARREN, *et al.*,<br><br>            Defendants. | Case No. 2:16-cv-00172-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND TO SET THIS CASE FOR A FURTHER SETTLEMENT CONFERENCE<br><br>ECF Nos. 145 & 149 |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed a motion asking that he be appointed counsel and that this case be set for a second settlement conference. ECF Nos. 145 & 149.

The undersigned has reviewed the docket and believes that at this time a settlement conference would be unlikely to be productive. Accordingly, plaintiff's request to set another settlement conference, ECF No. 149, is denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

1

counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that counsel be appointed because new evidence has created complexities in this case.  ECF No. 145 at 1.  He also alleges that he plans on amending his complaint to add claims against at least three defendants.  *Id* at 9.  I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  Plaintiff has effectively litigated this case through discovery, several miscellaneous motions, and defended against a motion for summary judgment.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 145, is denied without prejudice.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is hereby ORDERED that plaintiff's motion for appointment of counsel, ECF No. 145, and motion to set this case for a settlement conference, ECF No. 149, are denied without prejudice.

IT IS SO ORDERED.

Dated:   January 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE