UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | Case No. 2:16-cv-00172-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| R. WARREN, *et al.*, | |
| Defendants. | |

Plaintiff John Hardney is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. He proceeds on a first amended complaint wherein he alleges that defendant Brazil used excessive force against him and that defendant Kumeh was deliberately indifferent to his serious medical needs by not providing medical treatment after witnessing other staff use force against him. Pending before me is plaintiff's motion for leave to amend his pleading. ECF No. 154. Defendants oppose the motion. ECF No. 160. As explained below, I will deny plaintiff's motion.

**Background**

Plaintiff initiated this case in January 2016. ECF No. 1. Following a dismissal pursuant to 28 U.S.C. § 1915A, ECF No. 7, plaintiff filed a first amended complaint in April 2017. ECF No. 10. Plaintiff alleges that on October 10, 2014, defendant Pogue approached his cell and informed him that a psychiatric nurse, Warren, saw him masturbating "in the cell on the bunk

1

1   [across] from the officer's desk." ECF No. 10 at 8.  Plaintiff was then escorted from his cell to
2   the medical clinic where defendants Pogue, Hickman, Almodovar, and several other unnamed
3   officers assaulted him by bashing his head into a window, dislocating his shoulder, slamming him
4   to the floor, and placing weight on his supine body. *Id.* at 8-9.  Plaintiff claims that defendant
5   Kumeh, a vocational nurse, witnessed these events, ignored his cries for help, and falsely
6   documented that plaintiff had not sustained injuries during the altercation. *Id.*  After these events,
7   plaintiff alleges that defendant Brazil subjected him to a second incident of excessive force by
8   bending his arm during the escort back to a cell. *Id.* at 9-10.

9       After the October incident, plaintiff received a Rules Violation Report for indecent
10  exposure. *See* ECF No. 41 at 3.  He was also charged in the Amador County Superior Court with
11  one count of resisting arrest / threatening an officer and two counts of indecent exposure.[1]  ECF
12  No. 42 at 5-6.  Due to the pending state criminal proceedings, this case was stayed in June 2018.
13  ECF No. 50.  Plaintiff was eventually convicted on all three counts, ECF No. 75-1 at 600, and he
14  was sentenced in May 2019 to 25 years to life on the first count of resisting and 180 days
15  concurrent on each of the indecent exposure counts, *id.* at 641-42.  In July 2019, the stay in this
16  case was lifted, and defendants were directed to file a responsive pleading.  ECF No. 73.

17      Defendant Brazil filed an answer in August 2019.  ECF No. 74.  The remaining
18  defendants filed a motion to dismiss pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF
19  No. 75.  In January 2020, defendants Pogue, Hickman, and Almodovar were dismissed pursuant
20  to *Heck*.  ECF No. 83.  Defendant Kumeh filed an answer in February 2020, and a discovery and
21  scheduling order issued, setting a deadline of June 2020 for plaintiff to amend the complaint. *See*
22  ECF Nos. 87 & 89.

23      On January 9, 2021, defendants Brazil and Kumeh moved for summary judgment.  ECF
24  No. 135.  During the pendency of my recommendation to deny defendants' motion, plaintiff filed
25  the instant motion to amend his complaint in January 2023. *See* ECF Nos. 152 & 154.  In March
26  2023, the district judge adopted the recommendation to deny the motion for summary judgment

---

[1] One of the indecent exposure counts was for conduct unrelated to the claims found cognizable in this case.  ECF No. 42 at 6.

and referred the matter back to me to rule on plaintiff's motion to amend.  ECF No. 158.

**Plaintiff's Motion to Amend**

Plaintiff moves to amend on the ground that in August 2021, the California Court of Appeal reversed his felony conviction for resisting on the ground that the trial court erred by failing to instruct on a lesser included offense.  ECF No. 154 at 6-11.  The state appellate court ultimately reduced the felony to a misdemeanor and struck one of the indecent exposure counts.  *Id.* at 11-15.  With those modifications to his convictions, plaintiff seeks to re-add Pogue, Hickman, and Almodovar, who were previously dismissed pursuant to *Heck* on the resisting count, and to add Ngo and Warren, whose separate claims led to plaintiff being charged with the two counts of indecent exposure.  Plaintiff also seeks to assert claims relating to the prosecution of his criminal case and to add the following as defendants: Amador County, the Secretary of the California Department of Corrections, and several attorneys affiliated with the California Attorney General's Office.

Defendants oppose.  ECF No. 160.  They argue that the deadline to amend pleadings has already expired by three years, that plaintiff was not diligent in moving to amend, that amendment would be futile, and that amendment would prejudice them.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) provides:

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires.  *See Janicki Logging Co. v.*

1 *Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (an attempt to amend a complaint, which would
2 require amendment of scheduling order under Fed. R. Civ. P. 16, must be based upon good
3 cause). "In the absence of any apparent or declared reason—such as undue delay, bad faith or
4 dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of
5 allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules
6 require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012)
7 (citations omitted).

**Discussion**

Several factors weigh against granting plaintiff's motion for leave to amend. One is that plaintiff was previously granted leave to amend the complaint, and he has been proceeding on that amended pleading since 2017. A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

I also find that plaintiff has unreasonably delayed seeking amendment. Generally, courts consider whether "the moving party knew or should have known of the facts and theories raised by the amendment in the [proposed amended] pleading" in evaluating whether there was undue delay. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Courts may also consider whether the moving party is justified in their delay. *Id.* Here, plaintiff knew of the factual basis of his proposed amendment in August 2021 when the California Court of Appeal reduced his felony conviction for resisting to a misdemeanor and reversed his conviction on one of the indecent exposure counts. Yet plaintiff did not move to amend until nearly one and a half years later.[2] In response to this argument, plaintiff states that he waited "only" 17 months to file the instant motion; he does not otherwise explain the delay. ECF No. 161 at 4; *cf. Jackson*, 902 U.S. at 1388 (holding that a 7-month delay in moving to amend was "inexplicable and

---

[2] Plaintiff did file a second amended complaint in July 2022 but did not seek leave to amend as required under the Local Rules and the Federal Rules of Civil Procedure. *See* ECF No. 148.

4

unjustified").

I further find that amendment would be futile. A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment may mean that it is not factually possible for plaintiff to amend the complaint to cure the deficiencies. *Schmier v. U. S. Ct. of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

In the proposed complaint, as in the operative complaint, plaintiff alleges that Pogue and Hickman used excessive force against him with no provocation and that Almodovar witnessed the assault but failed to intervene. *See* ECF No. 155 at 11-12. This court previously compared plaintiff's allegations with the evidence presented at trial:

> At trial, the prosecution presented evidence that, on October 10, 2014, a psychiatric technician observed plaintiff masturbating in his cell and reported that action to defendant Pogue. The prosecution also presented evidence that defendants Pogue and Hickman escorted plaintiff to the medical clinic after the technician alerted them to plaintiff's conduct. The prosecution then presented testimony from defendant Pogue that, at the clinic and once a medical evaluation of plaintiff was underway, plaintiff attempted to pull away from the officer. Pogue testified that he gave plaintiff several verbal commands to stop pulling away, but the latter did not comply. He further testified that, once plaintiff refused to comply with his commands, he used his body weight to press plaintiff against the wall and regain compliance. Pogue testified that, after the medical evaluation, plaintiff was escorted to the program office where force was again necessary—this time with assistance from defendant Hickman—to subdue a physically resisting plaintiff. The foregoing tracks the arc of plaintiff's allegations: on October 10, 2014 he was accused by a technician of masturbating in his cell, he was escorted by officers to the medical clinic and then to the program office, and force was employed at both locations. Obviously, plaintiff's allegations diverge insofar as he claims that the force deployed against him was excessive and wholly unnecessary, but the incident referenced is unambiguously the same.

ECF No. 82 at 5-6 (internal citations omitted). In a footnote, the court observed that

> There is no indication that separate factual contexts exist between the conduct leading to plaintiff's conviction and that which gives rise to the immediate section 1983 claim. That is, there is no viable argument that the use of excessive force relevant to this civil

5

> case occurred before or after the conduct on which his criminal conviction was based. Indeed, as defendants point out, the operative complaint alleges that plaintiff did nothing to merit the use of any force whatsoever on the day in question.

*Id.*

On appeal following plaintiff's conviction under California Penal Code section 69, the state appellate court held that California Penal Code section 148(a)(1), a misdemeanor, is a lesser included offense and that the jury should have been instructed thereon. ECF No. 160-1 at 9. A conviction under both statutes required a finding that plaintiff "knowingly resist[ed], by the use of force or violence, such officer, in the performance of his duty." ECF No. 160-1 at 9. The jury instructions for both statutes explain that a peace officer is not performing his or her duties if he or she is using excessive force. *Compare* CALCRIM 2652 *with* CALCRIM 2656.

Here, then, even though plaintiff's offense was reduced from a felony under section 69 to a misdemeanor under section 148(a)(1), it remains that success in this case—i.e., a finding that excessive force was used—would necessarily imply the invalidity of his conviction under section 148(a)(1), which required a finding that the officers did *not* use excessive force. *Heck* therefore continues to bar Pogue, Hickman, and Almodovar from this suit.

Plaintiff's proposed claim against Warren and Ngo is similarly futile. Plaintiff accuses them of making false allegations of indecent exposure. *See* ECF No. 155 at 13-14. But as plaintiff was informed when he asserted this claim in the operative complaint, a false accusation of a crime does not in and of itself support a claim under § 1983. ECF No. 16 at 2.

Accordingly, it is hereby ORDERED that plaintiff's motion for leave to amend, ECF No. 154, is denied.

IT IS SO ORDERED.

Dated:   July 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6