1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN HARDNEY,                          Case No.  2:16-cv-00172-KJM-JDP (PC)

12                  Plaintiff,

13         v.                               ORDER; FINDINGS AND
                                            RECOMMENDATIONS
14   R. WARREN, *et al.*,

15                  Defendants.

16

17

18         Plaintiff John Hardney is a state prisoner proceeding without counsel in this action under

19   42 U.S.C. § 1983.[1]  He proceeds on a first amended complaint wherein he alleges that defendant

20   Brazil used excessive force against him and that defendant Kumeh was deliberately indifferent to

21   his serious medical needs by not providing medical treatment after witnessing staff use force

22   against him.  Pending before the court is plaintiff's motion for leave to amend his pleading.  ECF

23   No. 154.  Defendants oppose.  ECF No. 160.  I will deny plaintiff's motion.

24                              **Background**

25         Plaintiff initiated this case in January 2016.  ECF No. 1.  Following a dismissal under 28

26   ─────────────────────
          [1] On July 14, 2023, I issued an order denying plaintiff's motion to amend, ECF No. 162.
27   Since that decision was dispositive of claims plaintiff sought to bring, it must be resolved by a
     district judge.  Accordingly, pursuant to Federal Rule of Civil Procedure 60(b)(1), I vacate that
28   order and recommend that plaintiff's motion to amend be denied.

                                          1

1    U.S.C. § 1915A, ECF No. 7, plaintiff filed a first amended complaint in April 2017, ECF No. 10.

2    Plaintiff alleges that on October 10, 2014, defendant Pogue approached his cell and informed him

3    that a psychiatric nurse, Warren, saw him masturbating "in the cell on the bunk [across] from the

4    officer's desk." *Id.* at 8.  Plaintiff was then escorted from his cell to the medical clinic where

5    defendants Pogue, Hickman, Almodovar, and several other unnamed officers assaulted him—

6    bashing his head into a window, dislocating his shoulder, slamming him to the floor, and placing

7    weight on his supine body. *Id.* at 8-9.  Plaintiff claims that defendant Kumeh, a vocational nurse,

8    witnessed these events, ignored his cries for help, and falsely documented that plaintiff had not

9    sustained injuries. *Id.*  After these events, plaintiff alleges that defendant Brazil subjected him to

10   a second incident of excessive force by bending his arm during the escort back to his cell. *Id.* at

11   9-10.

12          After the October incident, plaintiff received a Rules Violation Report for indecent

13   exposure. *See Id.* at 34-35.  He was also charged in the Amador County Superior Court with one

14   count of resisting arrest / threatening an officer and two counts of indecent exposure.[2]  ECF No.

15   42 at 5-6.  Due to the pending state criminal proceedings, this case was stayed in June 2018.  ECF

16   No. 50.  Plaintiff was convicted on all three counts, ECF No. 75-1 at 600, 630, and he was

17   sentenced in May 2019 to 25 years to life on the first count of resisting and 180 days concurrent

18   on each of the indecent exposure counts, *id.* at 630-31.  In July 2019, the stay in this case was

19   lifted, and defendants were directed to file a responsive pleading.  ECF No. 73.

20          Defendant Brazil filed an answer in August 2019.  ECF No. 74.  The remaining

21   defendants filed a motion to dismiss under *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF No. 75.

22   In January 2020, defendants Pogue, Hickman, and Almodovar were dismissed pursuant to *Heck*.

23   ECF No. 83.  Defendant Kumeh filed an answer in February 2020, ECF No. 87, and a discovery

24   and scheduling order issued, setting a deadline of June 2020 for plaintiff to amend the complaint,

25   ECF No. 89.

26          On January 9, 2021, defendants Brazil and Kumeh moved for summary judgment.  ECF

---

[2] One of the indecent exposure counts was for conduct unrelated to the claims found cognizable in this case.  ECF No. 42 at 6.

No. 135.  In January 2023, while my recommendation to deny defendants' motion was pending, plaintiff filed the instant motion.  *See* ECF Nos. 152 & 154.  In March 2023, the district judge adopted the recommendation to deny the motion for summary judgment and referred the matter back to me to rule on plaintiff's motion to amend.  ECF No. 158.

### Plaintiff's Motion to Amend

Plaintiff moves to amend on the ground that in August 2021, the California Court of Appeal reversed his felony conviction for resisting, determining that the trial court had erred in failing to instruct on a lesser included offense.  ECF No. 154 at 6-11.  The state appellate court reduced the felony to a misdemeanor and struck one of the indecent exposure counts.[3]  *Id.* at 11-16.  Relying on these developments, plaintiff seeks to re-add Pogue, Hickman, and Almodovar, who were previously dismissed pursuant to *Heck* on the resisting count, and to add Ngo and Warren, whose separate claims led to plaintiff's indecent exposure charges.  Plaintiff also seeks to assert claims relating to the prosecution of his criminal case and to add as defendants Amador County, the Secretary of the California Department of Corrections, and several attorneys from the California Attorney General's Office.

Defendants oppose.  ECF No. 160.  They argue that the deadline to amend pleadings expired three years ago, plaintiff was not diligent in moving to amend, amendment would be futile, and amendment would prejudice them.

### Legal Standard

Federal Rule of Civil Procedure 15(a) provides:

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f),

---

[3] The appellate court reserved the felony conviction and ordered it be reduced to a misdemeanor if the District Attorney did not "bring defendant to trial within 60 days after the filing of the remittitur in the trial court."  ECF No. 154 at 16.  The District Attorney did not re-try plaintiff for the felony, and on December 2, 2021, the Amador County Superior Court reduced the conviction a misdemeanor.  ECF No. 160-1 at 29.

1    whichever is earlier.

2    (2) Other Amendments.  In all other cases, a party may amend its
     pleading only with the opposing party's written consent or the
3    court's leave.  The court should freely give leave when justice so
     requires.
4

5    Fed. R. Civ. P. 15(a).

6         Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments

7    and, in general, leave shall be freely given when justice so requires.  *See Janicki Logging Co. v.*

8    *Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).  "In the absence of any apparent or declared reason—

9    such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to

10   the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the

11   leave sought should, as the rules require, be 'freely given.'"  *Hall v. City of Los Angeles*, 697 F.3d

12   1059, 1073 (9th Cir. 2012) (citations omitted).

13                                          **Discussion**

14        Several factors weigh against granting plaintiff's motion for leave to amend.  Notably,

15   plaintiff was previously granted leave to amend, and he has been proceeding on the resulting

16   amended pleading since 2017.  A district court's discretion to deny leave to amend is particularly

17   broad where the plaintiff has previously filed an amended complaint.  *Wagh v. Metris Direct,*

18   *Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

19        Plaintiff has unreasonably delayed seeking amendment.  Generally, courts consider

20   whether "the moving party knew or should have known of the facts and theories raised by the

21   amendment in the [proposed amended] pleading" in evaluating whether there was undue delay.

22   *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  A court may also consider

23   whether the moving party was justified in his or her delay.  *Id.*  Here, in August 2021, the

24   California Court of Appeal reversed his conviction on one of the indecent exposure counts, and,

25   in December 2021, the Amador County Superior Court reduced his felony conviction for resisting

26   arrest to a misdemeanor, but plaintiff did not move to amend until January 2023.[4]  In response to

27   _____

28        [4] Plaintiff did file a second amended complaint in July 2022 but did not seek leave to
     amend as required by the Local Rules and the Federal Rules of Civil Procedure.  *See* ECF

1   this argument, plaintiff states that he waited "only" 17 months to file the instant motion; he does

2   not otherwise explain the delay.  ECF No. 161 at 4; *cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385,

3   1388 (holding that a seven-month delay in moving to amend was "inexplicable and unjustified").

4         I further find that amendment would be futile.  A district court should deny leave to

5   amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended

6   complaint would not remedy the deficiencies in the previous complaint."  *Adam v. Hawaii*, 235

7   F.3d 1160, 1164 (9th Cir. 2001) *rev'd on other grounds*, 255 F.3d 1086 (9th Cir. 2001).  Futility

8   obtains if it is factually impossible for plaintiff to amend the complaint to cure its deficiencies.

9   *Schmier v. U.S. Ct. of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

10        In the proposed complaint, as in the operative complaint, plaintiff alleges that Pogue and

11  Hickman used excessive force against him without provocation and that Almodovar witnessed the

12  assault but failed to intervene.  *See* ECF No. 155 at 11-12.  This court previously compared

13  plaintiff's allegations to the evidence at trial:

14               At trial, the prosecution presented evidence that, on October 10,

15  2014, a psychiatric technician observed plaintiff masturbating in his
    cell and reported that action to defendant Pogue.  The prosecution
    also presented evidence that defendants Pogue and Hickman

16  escorted plaintiff to the medical clinic after the technician alerted
    them to plaintiff's conduct.  The prosecution then presented

17  testimony from defendant Pogue that, at the clinic and once a
    medical evaluation of plaintiff was underway, plaintiff attempted to

18  pull away from the officer.  Pogue testified that he gave plaintiff
    several verbal commands to stop pulling away, but the latter did not

19  comply.  He further testified that, once plaintiff refused to comply
    with his commands, he used his body weight to press plaintiff

20  against the wall and regain compliance.  Pogue testified that, after
    the medical evaluation, plaintiff was escorted to the program office

21  where force was again necessary—this time with assistance from
    defendant Hickman—to subdue a physically resisting plaintiff.  The

22  foregoing tracks the arc of plaintiff's allegations: on October 10,
    2014 he was accused by a technician of masturbating in his cell, he

23  was escorted by officers to the medical clinic and then to the
    program office, and force was employed at both locations.

24  Obviously, plaintiff's allegations diverge insofar as he claims that
    the force deployed against him was excessive and wholly

25  unnecessary, but the incident referenced is unambiguously the
    same.

26

27

28  No. 148.

ECF No. 82 at 5-6 (internal citations omitted).  In a footnote, the court observed that:

> There is no indication that separate factual contexts exist between the conduct leading to plaintiff's conviction and that which gives rise to the immediate section 1983 claim.  That is, there is no viable argument that the use of excessive force relevant to this civil case occurred before or after the conduct on which his criminal conviction was based.  Indeed, as defendants point out, the operative complaint alleges that plaintiff did nothing to merit the use of any force whatsoever on the day in question.

*Id.*

On appeal following plaintiff's conviction under California Penal Code section 69, the state appellate court held that California Penal Code section 148(a)(1), a misdemeanor, is a lesser included offense, and that the jury should have been instructed thereon.  ECF No. 160-1 at 9.  A conviction under both statutes required a finding that plaintiff "knowingly resist[ed], by the use of force or violence, such officer, in the performance of his duty."  ECF No. 160-1 at 9.  The jury instructions for both statutes explain that a peace officer is not performing his or her duties if he or she is using excessive force.  *Compare* CALCRIM 2652 *with* CALCRIM 2656.

Here, then, even though plaintiff's offense was reduced from a felony under section 69 to a misdemeanor under section 148(a)(1), it remains true that success in this case—i.e., a finding that excessive force was used—would necessarily imply the invalidity of his conviction under section 148(a)(1), which required a finding that the officers did *not* use excessive force.  *Heck* thus continues to bar Pogue, Hickman, and Almodovar from this suit.

Plaintiff's proposed claim against Warren and Ngo is similarly futile.  Plaintiff accuses them of making false allegations of indecent exposure.  *See* ECF No. 155 at 13-14.  But as plaintiff was informed when he asserted this claim in the operative complaint, a false accusation of a crime does not in and of itself establish a claim under § 1983.  ECF No. 16 at 2.

Accordingly, it is hereby ORDERED that:

1.  The July 14, 2023 order, ECF No. 162, is vacated.

2.  Plaintiff's motion for a trial date, ECF No. 157, is denied without prejudice to refiling once the District Judge rules on the pending findings and recommendations.

Further, it is hereby RECOMMENDED that plaintiff's motion for leave to amend, ECF

No. 154, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 28, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE